UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD KNOCKUM,<br>   Petitioner,<br>  v.<br>JOSIE GASTELO,<br>   Respondent. | Case No. 17-cv-03517-WHO (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. Nos. 17, 19, 20, 22, and 23 |

**INTRODUCTION**

Petitioner Reginald Knockum seeks federal habeas relief from his state convictions. Respondent moves to dismiss because Knockum's petition is untimely. Knockum's conviction was final in 2011, but his federal habeas petition was not filed until 2017, well past the one-year filing period established by the statute of limitations. He is not entitled to either statutory or equitable tolling. His first attempt at any sort of judicial review was filed in 2016 and he offers no reason for the lengthy delay. Accordingly, the motion to dismiss is GRANTED. The petition is DISMISSED.

**BACKGROUND**

In 2011, Knockum pleaded no contest in state court to one count of first degree residential robbery; six counts of attempted first degree residential robbery; and a personal firearm use enhancement as to each count. (Mot. to Dismiss ("MTD"), Dkt. No. 17-1 (State Court Minute) at 2.) On July 22nd of that year, he was sentenced to 37 years in state prison. (Second Am. Pet., Dkt. No. 9 at 1-3; Dkt. No. 9-1 at 6.) He did not appeal.[1]

In 2016, petitioner filed habeas petitions in the state superior, appellate, and

---

[1] In his petition, Knockum provides dates for his "appeals." However, these dates relate to the state habeas petitions he filed in 2016. (Second Am. Pet., Dkt. No. 9 at 3.)

1  supreme courts. (Second Am. Pet., Dkt. No. 9 at 3; MTD, Dkt. No. 17-1 at 10-11, 14, 16,

2  211.) All were denied that same year. (*Id.*) This federal habeas petition followed in 2017.

## DISCUSSION

### I. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, has a statute of limitations, which is codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could not have been discovered through the exercise of due diligence. *See id.* § 2244 (d)(1). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

### II. Timeliness of the Petition

Because he did not file an appeal, Knockum's conviction became final on September 20, 2011, which was 60 days after he was sentenced (July 22, 2011). *See* Cal. Rules of Court, rule 8.308(a). He then had one year, until September 21, 2012, to file a timely federal habeas petition.[2] The instant petition, however, was not filed until June 12, 2017,[3] well after the September 21, 2012 deadline. On this record, absent sufficient

---

[2] Knockum is not entitled to the 90 additional days afforded by *Bowen*. Because he did not appeal, he could not petition the United States Supreme Court to review a state supreme court decision on his direct appeal. The petition would still be untimely, however, even if he were entitled to the additional *Bowen* days.

[3] Knockum is entitled to this filing date, rather than the June 19, 2017 date listed in the

2

statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations and must be dismissed.

### A. Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2).

Knockum is not entitled to any statutory tolling. His state petitions were filed in 2016, that is, after the limitations period expired on September 21, 2012. They therefore cannot toll the limitations clock. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). "Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

Absent a showing that he is entitled to sufficient equitable tolling, the petition must be dismissed as untimely.

### B. Equitable Tolling

A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling is not granted as a matter of course. In fact, it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Id.*

---

docket. The Court assumes that he put the petition in the prison mail the day he signed it (June 12, 2017) and will use that as the filing date under the prisoner mailbox rule. *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

(citation omitted).

Knockum, citing state law, asserts that his petition is not untimely (or should be considered timely) because his claims are meritorious and that a challenge to the constitutionality of his sentence can be brought at any time. (Dkt. No. 22 at 1-2.) Neither of these reasons shows that he was acting diligently and that some extraordinary circumstance prevented timely filing. Knockum filed nothing from 2011 to 2015 and he offers no reason for the lengthy delay. His citations to state law are unavailing; federal law governs.

In sum, Knockum has made no showing that he is entitled to equitable tolling. The petition will be dismissed.

**MOTIONS**

Knockum's motion for leave to file a traverse and his motion for leave to file a response to the reply are GRANTED. (Dkt. Nos. 19 and 22.) His motion for a bail hearing is DENIED as moot. (Dkt. No. 20.) His motion to seal is DENIED because he has provided no grounds on which such a motion can be granted. (Dkt. No. 20.) His motion for habeas relief is DENIED. (Dkt. No. 23.)

**CONCLUSION**

Respondent's motion to dismiss the petition as untimely is GRANTED. (Dkt. No. 17.) The petition is DISMISSED.

The Clerk shall terminate all pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

**Dated:** May 3, 2018

_____
WILLIAM H. ORRICK
United States District Judge